MARY DANIELS AND ELIZABETH DANIELS v. HERMAN W. STEVENS, CIRCUIT JUDGE.

*Mandamus—Appeal from commissioners on claims—Bond by appellant— Should run to the representative of the estate, who alone can be the " adverse party."*

On appeal from the action of commissioners on claims in rejecting a claim against an estate, the bond given by the appellant should run to the administrator or other personal representative of the estate.

Mandamus, to compel respondent to dismiss an appeal from commissioners on claims, because bond was given to administrator and not to relators, as heirs at law of deceased, they having assumed the burden of resisting the claim.

Submitted February 16, 1886.   Denied February 17, 1886.
The facts are stated in the opinion.

*T. M. Crocker*, for relators.

CAMPBELL, C. J.   Relators, being two heirs at law of
Cornelius Evarts, deceased, ask for a mandamus to compel
respondent to dismiss an appeal by a claimant against the es-
tate from the action of the commissioners rejecting his claim,
because the bond was given to the administrator, instead of
to them as adverse parties.   They claim a standing as adverse
parties, because they assumed the burden of resisting the
claim.

Under the statutes no one is recognized, in proceedings to
prove claims, except the administrator and the creditor.
That exceptional cases may arise is possible.   But an heir or
other person interested cannot himself appeal from a decision
in favor of a creditor unless the administrator refuses to do
so :   Rev. St. *c.* 72, §§ 20, 29.   That can only be done on
giving security to save the estate harmless from damages
and costs ; and as the administrator must necessarily, in all
ordinary cases, represent the interests of the estate in such a
controversy in the first place, and is the only person who
can prove set-offs, or against whom or in whose favor bal-
ances can be ascertained in such a case, it cannot be allowed
to any one else to intervene, at his option, in the same con-
test.

The bond required from an appealing creditor is to pay
"all damages and costs."   No damages can possibly accrue
to any one but the representative of the estate, and they
must usually arise from counter-claims or set-offs.   The stat-
ute (section 21) which requires the bond to be given to the
"adverse party" comes immediately after the section (20)
which confines the right of appeal to executors, administra-
tors, and creditors.   This is a strong inferential statement
that no one else can usually be a party, for it is not to be con-
ceived that any one can be a party who would not himself
be allowed to appeal.

We think the bond was properly given, and that the circuit judge was right in refusing to dismiss the appeal. A mandamus must be denied.

The other Justices concurred.