AMOS A. KING V. G. T. GRIDLEY, INGHAM CIRCUIT JUDGE.

*Estates of deceased persons—Commissioners on claims—Appeal by heir from allowance of claim—Appeal bond.*

1. The statute authorizing heirs to appeal from the allowance of a claim against the estate, where the administrator declines and fails so to do, authorizes them to defend the proceedings in the circuit court in the name of the administrator, and to *control* and *manage* such defense.

2. An indorsement on an appeal bond by the judge of probate, showing that it was filed on the day of the allowance of the appeal, the order for which recites that said bond "has been read, filed, and duly approved," shows that an indorsement of such approval on said bond as of a *subsequent* date is a clerical error.

3. A bond given by *heirs* on an appeal from the allowance of a claim against an estate, running to the claimant *alone,* but conditioned "to pay all damages and costs, as well as intervening damages, to said claimant and to the estate, which may be awarded against them on said appeal," is sufficient to confer jurisdiction to allow the appeal.

4. If a bond given on appeal from probate court is defective, the remedy is not by dismissing the appeal in the first instance *absolutely,* but *conditionally,* in case an amended or new bond shall not be filed within a reasonable time to be fixed by the court, under How. Stat. § 7771.

5. In *Daniels v. Stevens,* 60 Mich. 219, where an appeal was taken by a creditor, whose claim was rejected by the commissioners on claims, it was held that the bond should run to the administrator of the estate, he being the "adverse party," referred to in How. Stat. § 5908.

Application for *mandamus* to compel respondent to vacate an order denying a motion to dismiss an appeal from probate court. Submitted February 3, 1888. Denied March 2, 1888. The facts are stated in the opinion.

*Gibson & Parkinson* and *M. D. Chatterton,* for relator.

*B. A. Snow* and *Geo. M. Huntington,* for respondent-

CHAMPLIN, J.   Upon the petition of relator an order was issued to the circuit judge of Ingham county to show cause why a *mandamus* should not issue compelling him to vacate an order made by him on the thirty-first of October, 1887, denying a motion made by relator to dismiss an appeal taken by Albert B. and Lyman W. Clough from the allowance of the claim of relator against the estate of Adaline Clough, deceased.

It appears that Adaline Clough died intestate, leaving, as her heirs at law, Albert B. Clough, Lyman W. Clough, and Ellen King; that one T. Densmore was appointed administrator of her estate, and qualified and entered upon the duties of his office; that Ellen King died, and one Lucien Reed was appointed administrator of her estate; that commissioners to hear and adjust claims against the estate of Adaline Clough were appointed, and relator, on the nineteenth day of April, 1887, filed his claim and account before said commissioners, and a hearing was had after due notice, and on the second day of June, 1887, the commissioners allowed relator's claim at $3,073.77, and filed their report on the fourth day of June, 1887, with the probate court of Ingham county; that on the hearing before the commissioners both administrators above named, and Albert B. and Lyman W. Clough, contested and resisted the claim of relator.

On July 8, 1887, Albert B. and Lyman W. Clough, claiming to be the only surviving heirs at law of said Adaline Clough, gave notice of and made an application for an appeal from the allowance by said commissioners of said claim to the circuit court for the county of Ingham.   They stated in their application that Thaddeus Densmore, the administrator of the estate of the deceased, declined to appeal from the decision of the commissioners.   The judge of probate acted on the application, and on the twenty-second day of July,

1887, made an order allowing the appeal to be made in the name of the administrator, but subject to the control and management of said Albert B. and Lyman W. Clough. He also ordered that notice of the appeal and of the hearing thereof in the circuit court be given to relator and the administrator, Densmore. The bond for the appeal, bearing date July 8, 1887, was presented to the probate judge, and was approved, and filed by him on the twenty-second day of July, 1887. It was executed by Albert B. and Lyman W. Clough as principals, and G. Lyman Chapman as surety, and ran to Amos A. King as the adverse party. It was conditioned as follows:

"The condition of the obligation is such that, whereas, the said Albert B. Clough and Lyman W. Clough have made and filed an application and notice of appeal to the circuit court for said county from the decision of the commissioners appointed to receive, examine, and adjust the claim and demand of said Amos A. King against said deceased, allowing the claim of said Amos A. King against said estate, made in their report filed in said probate court on the fourth day of June, 1887, as in said application stated, and for the reasons therein alleged.

"Now, therefore, if the said appellant shall diligently prosecute said appeal to effect, and pay all damages and costs, as well as intervening damages, to said King and said estate, by reason of said appeal, which may be awarded against him on such appeal, then the preceding obligation to be void; otherwise to remain in full force and virtue."

The appeal was filed in the circuit court on the twelfth day of August, and on the twenty-fourth of September, 1887, it was noticed for trial at the next term of the circuit court, by serving the same upon the attorney for relator; and on the seventeenth day of October, 1887, the attorney for the relator made the motion to dismiss the appeal, the refusal to grant which is the ground of complaint alleged in these proceedings.

The grounds of the motion are numerous, and are as follows:

"1. The application for an appeal is made in the individual interest, and in the names, of Albert B. Clough and Lyman W. Clough, and not to appeal in the manner the administrator might have done, nor is the application made to appeal in the name of the administrator; that Lucien Reed, administrator of the estate of Ellen King, deceased, who was one of the three living children of Adaline Clough, deceased, at the time of Adaline's death, whose interest in her estate as heir and legatee of Thomas Clough, deceased, is equal to that of either Albert B. Clough or Lyman W. Clough, has declined to join with the appellants in their appeal.

"2. The application for an appeal is dated July 8, 1887, being 26 days before the expiration of the sixty days allowed the administrator to appeal. The simple statement made in the application at that time, that the administrator declines to appeal, is not a sufficient showing that he declines to appeal within the time allowed him by law, to authorize the judge of probate to make an order permitting the appellants to do so.

"3. The appeal-bond given by the appellants is dated eighth (*June*), *July*, 1887, and is made payable to the claimant, Amos A. King, and approved by the probate court July 23, 1887; the approval being after the court had made the order allowing the appeal.

"4. The condition of the appeal bond is that the 'appellant shall diligently prosecute said appeal to effect, and pay all damages and costs, as well as intervening damages, to said King and said estate, by reason of said appeal, which may be awarded against him on such appeal, then the preceding obligation to be void,' and is meaningless and void.

"5. That the appellants have given no bond whatever that has been approved by the judge of probate to secure the estate of Adaline Clough, deceased, from damages and costs, as well as to secure the intervening damages and costs to the adverse party, as the law requires.

"6. There is no reference whatever made in the pretended bond to the administrator of the estate, or any intimation that an administrator has had, or is to have, anything to do with the trial of the cause.

"7. The order made by the judge of probate allowing the appeal is void for the following reasons:

"*First.* The judge could not permit Albert B. Clough and Lyman

W. Clough to appeal within the sixty days allowed the administrator, without a conclusive showing that the administrator did not intend to appeal within the time given him by law.

"*Second.* The judge cannot permit the appellants to appeal in the name of the administrator, and at the same time put the control and management of the case with the appellants.

"*Third.* The judge cannot exclude the administrator from the control and management of the case by giving it over to the appellants.

"*Fourth.* The judge could not have allowed the appeal until the appellants had given a bond to secure the estate of Adaline Clough, deceased, from damages and costs, as well as to secure the intervening damages and costs to the adverse party, and he had duly approved the same.

" 8. The application for an appeal, the pretended bond given by the appellants, the order allowing the appeal, the files and records in the case, and the subsequent notice ·of trial in the circuit court given by the appellants, all show that the appeal is taken and is to be conducted in the individual interests and names of Albert B. Clough and Lyman W. Clough, and that Thaddeus Densmore, administrator of the estate of Adaline Clough, deceased, and Lucien Reed, administrator of the estate of Ellen King, deceased, are to be excluded from all further control or management of the case."

The statute declares that, when the administrator declines to appeal from the decision of the commissioners, any heir may appeal from such decision, in the same manner as the administrator might have done, and the same proceedings shall be had in the name of the administrator:

"*Provided,* That the person appealing in such case shall, before the appeal shall be allowed, give a bond, to be approved by the judge of probate, as well to secure the estate from damages and costs as to secure the intervening damages and costs to the adverse party."

The first objection pointed out in the brief of counsel for relator is that the appeal as taken is not in the name of the administrator, as required by the order of the probate judge. This seems to be based upon the notice of trial which was served in the circuit, which was entitled,—

"In the matter of the appeal of Albert B. Clough and Lyman W. Clough from the allowance of the claim of Amos A. King against the estate of Adaline Clough, deceased."

This entitling is entirely insufficient to support the objection raised. It was not claimed before the circuit court that the notice of trial was not good because not properly entitled. Neither is it suggested, either in the petition of relator or in the brief of counsel, what the proper entitling of the notice and papers in the circuit court should have been. Both the statute (section 5916, How. Stat. ), and the order allowing the appeal, require the proceedings to be had in the name of the executor or administrator. Where the administrator declines to appeal from the decision of commissioners allowing a claim, and does not appeal, the statute contemplates and authorizes those whom it permits in such case to appeal, on giving the required bond, to defend the proceedings in the circuit court in the name of the administrator, and that they should have the management and control of the defense. If the administrator does not take interest enough in behalf of the estate to appeal, but declines to do so, it would manifestly be absurd, after requiring a bond from the appellants to pay all damages and costs, not only to the adverse party but to the estate, to give to such administrator the management and control of the proceedings in the circuit court. As before stated, the appellants have the right to use his name, but he has no right to interfere, unless he appeals himself.

It is claimed that the appeal was allowed on the twenty-second day of July, and the bond was not approved until the twenty-third of July, and that therefore it is void. The bond is indorsed as filed by the judge of probate on the twenty-second of July, which is the date of the order allowing the appeal, in which it is recited that the bond has been read, filed, and duly approved, from which it plainly appears that the date of approval indorsed on the back of the bond as of

the twenty-third of July is a clerical error.    There is no
merit in this objection.

The points most relied upon by relator's counsel in support
of the motion are that the condition of the bond does not
comply with the requirements of the statute, and that it does
not run to the proper party.    The condition of the bond and
the statute are above set out.    The criticism counsel for
relator make upon the condition of the bond, aside from the
fact that the language of the bond is not that of the stat-
ute, is—

" That the bond is only for such damages and costs as may
be awarded against appellants."

This is the purpose the Legislature had in view in requir-
ing a bond in such case to be given; and the damages and
costs the estate has sustained, upon a suit upon a bond
brought for its benefit under the direction of the judge of
probate, can be ascertained in such action upon the bond.

The counsel for the relator insist that the bond should run
to the judge of probate.    The statute is not entirely clear,
but a proper construction of its language requires the bond to
be given to the adverse party.    The adverse party is the party
the bond is given to secure from damages and costs, and
includes, according to its conditions, the estate and the party
who is to be affected by the appeal.    The relator, as an adverse
party, is secured by the bond beyond question.    There is no
suggestion made that the estate is insolvent, or is not sufficient
to pay his claim in full.    He is not interested, therefore, in
behalf of the estate.    The administrator has not joined in
the request to dismiss the appeal.    The only question that
can arise to consider here is whether the bond is so defective
that no jurisdiction was conferred upon the judge of probate
to allow the appeal.    We think the bond was sufficient to con-
fer jurisdiction.

We are not prepared to say that, if the estate suffers loss or
damage by reason of the appeal, the administrator would not

have an action for breach of the condition. It has not been pointed out to us how the estate can by any possibility suffer damage by reason of appellants contesting the validity of the relator's claim against the estate. The record shows that the commissioners allowed him all he claimed, and he can get no more. The bond conforms substantially to the require-ments of the statute, and does not vary in any matter to the prejudice of the rights of the relator, and as to him must be held good under section 7770, How. Stat.

Moreover, if the bond is defective, the remedy is not by dismissing the appeal in the first instance absolutely, but conditionally, in case an amended or new bond shall not be filed within a reasonable time to be fixed by the court, as authorized by section 7771, How. Stat.

In *Daniels v. Stevens*, 60 Mich. 219 (27 N. W. Rep. 1), the appeal was taken by the creditor, whose claim was rejected by the commissioners. The bond was required to run to the adverse party, and we held that in such case the administra-tor was the adverse party, and the bond must run to him. How. Stat. § 5908.

As the petition presented a question of practice which we thought proper should be settled, we shall deny the writ without costs to either party.

The other Justices concurred,