HOME SAVINGS BANK *v.* WAYNE CIRCUIT JUDGE.

1. Estates of Decedents—Appeal from Disallowance of Claim
—Notice—How Given.

Notice of appeal by a creditor of a decedent's estate from the
disallowance of his claim by the commissioners need not,
under 2 How. Stat. § 5910, providing for notice of such appeal
in such manner as the probate judge shall direct, be served
on other creditors of the estate, unless the probate judge so
directs.

2. Same—Bond on Appeal—Obligees.

The bond required by 2 How. Stat. § 5908, to be given to the
"adverse party" on an appeal from the disallowance by the
commissioners of a claim against a decedent's estate, properly
runs to the administrator, and not to other creditors who con-
test the claim.

*Mandamus* by the Home Savings Bank and the Pres-
ton National Bank of Detroit to compel Willard M. Lilli-
bridge, circuit judge of Wayne county, to permit the
relators to intervene in a certain cause for the purpose
of moving to set aside the judgment therein. Submitted
May 18, 1897. Writ denied June 7, 1897.

*George W. Radford* and *Julian G. Dickinson*, for
relators.

*Sidney T. Miller*, for respondent.

MOORE, J. March 10, 1897, a judgment for $9,260 was
rendered in favor of Augustus P. Thompson, as executor
of the estate of Matilda C. Thompson, against the estate
of J. Huff Jones. Soon thereafter the relators moved to
set aside said judgment, for reasons therein stated. On
the hearing of the motion, by consent of counsel and the
court, it was treated as a motion for leave to intervene for
the purpose of making a motion to set aside said judg-

ment, and the motion was denied.    The relators now ask that a *mandamus* issue to compel the circuit judge to grant said motion.

The record shows that the relators are creditors of the estate of J. Huff Jones in a large amount, and that the estate is probably insolvent; that Mrs. Thompson, in her lifetime, presented a claim against said estate to the commissioners on claims.    Before the claim was acted upon, she died, and Mr. Thompson was appointed her executor. Upon the hearing, the claim was disallowed by the commissioners.    October 22, 1895, Mr. Thompson appealed from the action of the commissioners to the circuit court. The judge of probate directed him to give a bond to the executors, and to give them notice of the appeal, which he did.    The claim of Mrs. Thompson was contested by the relators, and their attorneys had knowledge that the appeal had been taken, though no notice of appeal had been served upon them; but at no time before making this motion did they ask to be allowed to intervene or to take charge of the litigation.    They ask now to be allowed to do so for the following reasons:

1. Because they were never notified of the appeal, or of the trial of said cause.

2. Because the judgment was rendered upon a stipulation made by the attorneys for the claimant and the attorneys for the estate, without notice to the relators, and without giving them an opportunity to contest the claim.

3. Because the bond and notice were not given to the adverse parties.

4. Because said judgment, appeal, and proceedings were collusive and a fraud upon the creditors.

As to the first of these reasons, I think the record shows clearly that, while the probate judge did not require notice of the appeal to be served upon the relators, they, in fact, had notice that an appeal had been taken.

As to the second reason, the return of the judge shows that the judgment was not based upon a stipulation of counsel, but upon proofs taken in court; it appearing from the books of Mr. Jones, as shown by an expert (agreed

upon by all the parties in interest as a proper person to examine the books), who examined them, that Mr. Jones was indebted to the claimant for money that had been intrusted to him to invest from time to time, which amount, with interest added, was the amount for which judgment was rendered.

As to the third reason, the bond and notice of appeal were given as directed by the probate judge. 2 How. Stat. §§ 5908, 5910. They were given to the proper parties. *Daniels* v. *Stevens*, 60 Mich. 219.

As to the claim that the proceedings were collusive and a fraud upon the creditors, there are but two things that tend in the slightest to show that this is true. One of these is that the claim of Mrs. Thompson was disallowed before the commissioners, and the other is the affidavit of Mr. Pitts that "he believes that the said claim is invalid, and that it can be defeated, and that it should be." The record shows that Mr. Post, one of the commissioners on claims, stated that the reason why the commissioners rejected the claim was because it was not made to appear affirmatively before the commissioners that Mrs. Thompson had not received any of the money that was shown by the books to be due her. This proof was supplied before Judge Lillibridge. The affidavit of Mr. Pitts does not undertake to show what are the facts in relation to the dealings between Mrs. Thompson and Mr. Jones. It gives simply the conclusion of the affiant, and could not be treated as a basis for granting a new trial in a case. The circuit judge returns that there was nothing in the showing made before him which gave him any reason to think the judgment was procured by collusion, or, if it was vacated and the relators were allowed to intervene, that any different result would be reached in a new trial. From a careful inspection of all the papers filed, we think he was fully justified in his conclusion.

The application for *mandamus* is denied.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.